IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-526-L** |
| | § | |
| **PHILLIP KYLE LESTER,** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| **MORTGAGEIT, INC.,** | § | |
| | § | |
| Garnishee | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Objection to Writ of Garnishment and Request for Hearing, filed May 25, 2006. After careful consideration of the objection and request, the United States' Objection to Lester's Request for Hearing, supplemental briefs, responses, reply, the record, and the applicable law, the court **grants in part** Defendant's Objection to Writ of Garnishment and Request for Hearing.

## I. BACKGROUND

In late 1997, Defendant Phillip Kyle Lester ("Lester") pleaded guilty to a criminal charge of making a false statement to obtain Small Business Administration Funds. Lester's criminal sentence, issued by United States District Judge Robert Maloney, included restitution in the amount of $41,240, payable jointly to Hector Gomez Engineers, Inc. ("HGE") and Bank of America. Judge Maloney amended the Sentence on August 27, 1998, and divided the total amount of restitution

Lester owed to reflect that HGE is entitled to $31,240 of the total restitution, and CNA[1] to $10,000 of the total. In January 2000, based on the criminal judgment and order of restitution, HGE obtained an abstract of judgment against Lester in the sum of $31,240. HGE subsequently entered into a civil agreement with Lester to release him from that judgment and all other potentially related claims in exchange for $13,000.[2] Defendant's Objection to Writ of Garnishment and Request for Hearing ("Def. Obj.") states that the Release of Judgment was filed with the Collin County Clerk, but not with the Clerk for the United States District Court for the Northern District of Texas. Def. Obj. at 2. To enforce the restitution order, the United States ("Government") filed an Application for Writ of Garnishment against Lester on March 24, 2006, which was granted, and a writ issued March 27, 2006.[3]

Lester requested a hearing and objects to the writ on the basis that HGE's release relieves him of his entire restitution obligation to HGE, or, alternatively, that his restitution obligation should be reduced by $13,000–the amount paid to HGE. The Government contends that, by statute, Lester cannot contest the writ on these grounds, and that any "reduction" in the amount sought by the writ amounts to a modification of the criminal judgment ordering restitution, which may only be addressed by the court that sentenced Lester. This court conducted a brief hearing on July 6, 2006, and granted Lester additional time to submit a brief to explain his basis for requesting a hearing

---

[1] It is unclear from the Amended Judgment what entity "CNA" represents or why it was substituted as a payee for Bank of America.

[2] According to Lester, HGE filed the abstract of judgment in Collin County, Texas, against Lester's homestead at 1510 Cisco, Sachse, Texas. The house was sold on June 30, 2003, with $13,000 of the proceeds going to the Department of Justice for payment as restitution to HGE.

[3] The Government's application was originally received by Judge Jane Boyle. Upon Lester's request for a hearing, this action was set for a hearing in Judge Boyle's court. Following Judge Boyle's recusal and re-assignment of this case to this court, the hearing was re-set for July 6, 2006.

**Memorandum Opinion and Order – Page 2**

pursuant to 28 U.S.C. § 3202(d), to set forth whether his objection could be addressed at such a hearing, and to set forth how the Government failed to comply with statutory requirements in seeking this post judgment writ of garnishment.

## II. SCOPE OF HEARING

The Government contends that Lester has no basis for requesting a hearing under § 3202, because the statute limits the bases for a hearing to just three issues, none of which, the government asserts, is applicable in this case. United States' Objection to Lester's Request for Hearing ("Gov't Obj.") at 2-3. Under § 3202, after receiving notice of the Government's commencement of an enforcement action, a judgment debtor may request a hearing, but the issues at such hearing are confined to the following:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provide a right to a hearing on the issue to--
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>> (B) the existence of good cause for setting aside each judgment.

28 U.S.C. § 3202(d).

In this case, Lester has not claimed an exemption, and the judgment against him was not issued by default. Instead, Lester claims that he does not owe the full amount of restitution claimed by the Government in its garnishment application. Def. Obj. at 2. Lester argues that he can challenge the amount of debt subject to garnishment, because the Government is obligated to include in its application "the nature and amount of the debt owed." Defendant's Supplement to His Objection to the United States' Writ of Garnishment and Defendant's Request for Hearing ("Def. Suppl.") at 6. He also contends that the government submitted an application in which there is a

**Memorandum Opinion and Order – Page 3**

"substantial discrepancy between the amount sought in the writ of garnishment and the amount actually owed." *Id.* That discrepancy, Lester argues, shows a failure to comply with a statutory requirement, which is an issue that may be raised at the Defendant's requested hearing. *Id.* Additionally, Lester points out that the Notice of Post-Judgment Garnishment sent to him in this case stated that, at the hearing he requests, he could explain to the judge why he believes the property the Government is taking is exempt or why he thinks he does not owe the money to the Government. *Id.* at 5 (citing Clerk's Notice of Post-Judgment Garnishment at 2).

The court determines that Lester may contest the amount of debt owed in a hearing challenging the Government's writ of garnishment; however, the court comes to this conclusion for slightly different reasons than those cited by Lester. The United States Government may enforce a judgment by a number of methods, pursuant to the Federal Debt Collection Procedure and the corresponding statutory remedies. *See* 28 U.S.C. §§ 3201–3206. The statutes, addressing the various forms of enforcement, all require the Government to send notice to the judgment debtor and also permit the debtor to request a hearing, whereby the debtor can move to quash an order granting the Government's requested remedy. § 3202(b), (d). While § 3202(d) specifies the issues that can be addressed at a hearing contesting any type of Government enforcement of a judgment, § 3205 addresses the procedures specific to a writ of garnishment. It states that a defendant may file a written objection to the garnishment when requesting a hearing, but that the "party objecting shall state the grounds for the objection and bear the burden of proving such grounds." § 3205(c)(5). The court does not see a conflict between § 3202(d) and § 3205(c)(5). When the two statutes are read together with the notice language suggested by § 3202((b), which closely resembles the language used in the Clerk's Notice in this case, the court believes that a defendant contesting a writ of

**Memorandum Opinion and Order – Page 4**

garnishment has the right to challenge the amount of debt subject to garnishment. Telling a defendant that he may explain why the property is exempt or why he does not owe the money is entirely consistent with § 3205(c)(5), giving the Defendant the right file a written objection with specific grounds. These instructions are also consistent with § 3202(d), specifying that the hearing issues shall be limited to the probable validity of *any* claim of exemption, since § 3202(d) does not limit the type of "exemption" that a defendant may claim to those major exemptions listed on an exemption form that is required, by statute, to be attached to the notice. Whether a challenge to the amount of debt owed is couched as an "exemption" or not, the statutes clearly contemplate and permit a defendant to object, with specificity, to a Government notice of an action to enforce a judgment. *See also United States v. Crowther*, No. 3:06-cv-366-N, 2007 WL 471161 at*1-2 (N.D. Tex. Feb. 14, 2007) (holding that a defendant's objection to a writ of garnishment on the ground that he could not afford the amount would have been permissible under § 3205(c)). Accordingly, the court determines that Lester may contest the amount of debt owed in a hearing challenging the Government's writ of garnishment; however, it makes no determination that the Government failed to comply with statutory requirements for obtaining a writ of garnishment.

## III.  THE AMOUNT OWED

Lester objects to the amount of debt the Government seeks to recover through this garnishment action for two reasons. First, Lester argues that HGE's release relieves him of his entire restitution obligation to HGE, which Judge Maloney set at $31,240. *See* Def. Obj. at 2. Alternatively, Lester argues that his $31,240 restitution obligation to HGE should be reduced by $13,000–the amount he has already paid to HGE through the sale of his Collin County property.[4]

---

[4]Lester's original Objection to Writ of Garnishment and Request for Hearing, filed May 25, 2006, seeks only dismissal of the writ of garnishment, based on his theory that his restitution obligation to HGE has

**Memorandum Opinion and Order – Page 5**

*See* Def. Suppl. at 6. The Government contends that both arguments seek to reduce Lester's restitution obligation, which amount to a "modification" of the criminal judgment ordering restitution. United States' Response to Defendant's Objection to Writ of Garnishment and Request for Hearing ("Gov't Response") at 6. The Government further contends that it is the only party who may petition for a modification of the restitution order, and that such a petition may only be addressed by the court that sentenced Lester. *Id.* at 6-7.

In a similar case cited by both parties, the Fifth Circuit concluded that restitution serves both a penal and compensatory function, which gives courts discretion to impose restitution orders in spite of civil settlements. *United States v. Sheinbaum*, 136 F.3d 443, 448 (5th Cir. 1998). The rationale provided by the Fifth Circuit is simple: "[t]hat the victim has agreed in a civil proceeding that it has been compensated fully does not prevent a district court from pursuing the rehabilitative and retributive functions of the criminal law served by restitution."[5] *Id.* at 448. Accordingly, the court rejects Lester's first argument that HGE's release relieves him of *any* further restitution obligations to HGE.[6]

During the hearing this court held on July 6, 2006, the Government agreed with Lester that, even if HGE's release does not eliminate his criminally-ordered restitution, he is entitled to an offset

---

been entirely satisfied by HGE's release. Lester's Supplement to His Objection to the United States' Writ of Garnishment and Defendant's Request for Hearing, filed July 17, 2006, requests that the writ of garnishment be modified to account for Lester's $13,000 payment to HGE.

[5]The court acknowledges that the civil settlement in *Sheinbaum* was entered into prior to the court imposing a criminal sentence, rather than after, as in this case; however, the court believes the rationale employed applies *whenever* a civil settlement purports to release a defendant from criminally imposed restitution.

[6]In their supplemental briefings, both parties cite precedent from other circuits addressing the distribution of the "excess" restitution collected when a named victim renounces his right to collect. This court will not address those arguments, since it is without jurisdiction to do so, for the reasons stated later in this opinion.

**Memorandum Opinion and Order – Page 6**

for the $13,000 already paid. The writ of garnishment issued in this case does not reflect that offset, as the Government explained it was unaware of the settlement recorded in Collin County at the time it applied for the writ. By statute, "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in any state or federal civil proceeding. 18 U.S.C. § 3664(j)(2). The statute does not address how such a reduction may be effected; however, the Fifth Circuit has placed the burden of proving an offset on the defendant. *See Sheinbaum*, 136 F.3d at 449. Accordingly, the court agrees with Lester's alternative argument that the amount of debt subject to garnishment should be reduced. For the reasons stated, below, however, this court is without jurisdiction to grant such a modification.

Contrary to the Government's contention that it is the only party who may seek a modification of the restitution order, § 3364(K) clearly states that a defendant, the Government, or a victim may notify the court "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3364(k). Upon such notice, the court may "on its own motion, or the motion of *any* party, including the victim, adjust the payment schedule. . . ." *Id*. (emphasis added). While § 3664(K) addresses only the adjustment of a payment schedule, rather than a modification of the total amount of restitution due, when read together with § 3364(j)(2), requiring the court to reduce the restitution amount whenever a victim recovers compensatory damages for the same loss, the court is unconvinced by the Government's argument that it is the only party who may move to "modify" the restitution order. At the same time, the court agrees with the Government that Lester's request to reduce the amount of debt subject to garnishment does amount to a modification of the criminal judgment, which this court is without jurisdiction to entertain. As the government points out, 18 U.S.C. § 3573 states that when the

**Memorandum Opinion and Order – Page 7**

Government petitions for modification or remission of the restitution order, the petition must be filed "in the court in which sentence was originally imposed, unless the court transfers jurisdiction to another court." 18 U.S.C. § 3573. Whether the Government or Lester petitions for a reduction in the amount of restitution, that issue must be addressed by Judge Maloney, who imposed Lester's criminal sentence. Accordingly, the court lacks the jurisdiction to modify the writ of garnishment to reduce the amount of debt subject to garnishment.

## IV. CONCLUSION

Defendant Lester has made three separate requests: a request for a hearing to challenge the amount of debt subject to garnishment, dismissal of the writ of garnishment, and, alternatively, a modification of the writ of garnishment, reducing the amount of debt subject to garnishment. The United States responds that all three requests should be denied, so that the writ of garnishment issued may be enforced. For the reasons stated above, the court makes the following determinations on those requests. First, the court **determines** that Lester is entitled to a hearing to challenge the amount of debt subject to garnishment. The court held a hearing on July 6, 2006. As all of the arguments Lester raised in that hearing have since been addressed by additional briefing and this order, the court has, in effect, granted Lester a hearing to challenge the amount of debt subject to garnishment, and does not see the need for an additional hearing. Accordingly, Lester's request is **granted in part,** to the extent stated. Second, the court **determines** that it lacks the jurisdiction to modify the writ of garnishment, as that would amount to a modification of the criminal restitution order. The court, however, cannot enforce the writ as it stands, since both parties now agree that the amount of debt subject to garnishment should, at the least, be reduced by $13,000.[7] Accordingly,

---

[7] The Government's Response suggests that, since the issue of a $13,000 offset was not raised by Lester nor addressed by Judge Maloney prior to its application for the writ of garnishment in this action, this

**Memorandum Opinion and Order – Page 8**

the court hereby **denies** Lester's request to modify the writ of garnishment, but **grants** Lester's request to dismiss the writ of garnishment. The best way to resolve this matter is for the parties to seek a determination of the issues before Judge Maloney; however, what approach the parties take is left to their sound discretion.

    **It is so ordered** this 14th day of March, 2007.

                                                  Sam A. Lindsay
                                                  United States District Judge

---

court's only option is to enforce the writ, as written. The court disagrees. Even though the Government applied for the writ lacking knowledge of the $13,000 payment to HGE, it now concedes that Lester should receive an offset based on that payment. The court will not ignore the existence of the payment by enforcing a writ seeking garnishment of an amount greater than that owed by Defendant.

**Memorandum Opinion and Order – Page 9**